# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MAURICE HILLARD,

                   Petitioner,

v.

SCOTT KERNAN, Secretary of the
California Department of Corrections and
Rehabilitation,

                   Respondent.

Case No.: 3:15-cv-02361-H-RBB

**ORDER:**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION FOR EVIDENTIARY HEARING**

**[Doc. No. 1, 16, 20]**

**(2) DENYING MOTION FOR SUMMARY JUDGMENT**

**[Doc. No. 18]**

**(3) DENYING CERTIFICATE OF APPEALABILITY**

On October 16, 2015, Petitioner Maurice Hillard, a state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus. (Doc. No. 1.) Following a 2004 jury trial, Petitioner was convicted of sixteen separate offenses, including grand theft, conspiracy to commit grand theft, attempted grand theft, burglary, receiving stolen

property, unlawful taking and driving of a vehicle, and resisting an officer.  (Doc. No. 13-13 at 75-118; Doc. No. 13-19 at 20-21); see also People v. Maurice Hillard et al., No. D045175 (Cal. Ct. App. April 19, 2005) (unpublished).  Petitioner's life sentence rested, in part, on sentencing enhancements under California's Three Strikes Law arising from Petitioner's prior felony convictions for attempted murder and attempted robbery.  (Doc. No. 13-13 at 117-18; Doc. No. 13-9 at 1440-45.)  Petitioner unsuccessfully appealed his conviction before the California Court of Appeal, People v. Hillard, No. DO45175 (Cal. Ct. App. Aug. 26, 2005), as well as the California Supreme Court, People v. Hillard, S143767 (Cal. May 26, 2006).

After exhausting his opportunities for direct appeal, Petitioner filed a state habeas petition with the California Superior Court, Hillard v. Felker, HC18820 (Cal. Super. Ct. Feb. 26, 2007), the California Court of Appeal, In re Maurice Hillard, D051127 (Cal. Ct. App. June 16, 2007), and the California Supreme Court, Hillard v. Scribner, S158679 (Cal. Nov. 30, 2007).  All of Petitioner's state habeas petitions were denied.  Finally, Petitioner filed a federal habeas petition in the Southern District of California.  Hillard v. Small, No. 08-1786-DMS-RBB (S.D. Cal. Sept 30, 2008.)  This petition was denied on the merits, id., ECF No. 36, and both the district court and the Ninth Circuit denied Petitioner a certificate of appealability, id., EFC Nos. 36, 43; Hillard v. Small, No. 10-56581 (9th Cir. Oct. 8, 2010), ECF No. 6.

In 2012, California voters approved Proposition 36, which retroactively made the Three Strikes Law more lenient.  See People v. Yearwood, 213 Cal. App. 4th 161, 167-68 (2013) (describing Proposition 36).  However, Proposition 36 did not extend relief to certain categories of offenders, including those, like Petitioner, that had been convicted of attempted murder.  Id.; see also Cal. Penal Code § 1170.126.  In 2015, Petitioner filed a petition to recall his sentence pursuant to Proposition 36, (Doc. No. 1 at 9-18), but the petition was denied, (Doc. No. 13-32 at 92-93).

///

///

In the present federal habeas petition,[1] Petitioner alleges this refusal to recall his sentence violated his due process rights because (1) his two prior convictions arose from the same act against the same victim, (2) the state court improperly found his petition for recall was untimely, and (3) the state court erred by ignoring his claim his 1986 conviction for attempted murder was tainted by prosecutorial misconduct.  (Doc. No. 1 at 9-27.)  On December 11, 2015, Defendant filed an answer and notice of lodgment.  (Doc. Nos. 12, 13.)  Petitioner filed a traverse on December 28, 2015.  (Doc. No. 14.)  On August 19, 2016, the magistrate judge filed a Report and Recommendation recommending the petition be denied.  (Doc. No. 16.)  On August 30, 2016, Petitioner filed a motion for summary judgment and a motion for an evidentiary hearing.  (Doc. Nos. 18, 20.)  Petitioner filed an objection to the Report and Recommendation on September 14, 2016.  (Doc. No. 21.)

For the following reasons, the Court adopts the Report and Recommendation and denies the petition for writ of habeas corpus.  The Court denies Petitioner's motion for summary judgment on the same grounds as his petition and denies Petitioner's motion for an evidentiary hearing as unnecessary.

## BACKGROUND

### I.  FACTUAL HISTORY

The Court adopts the facts from the California Court of Appeal opinion denying Petitioner's direct appeal and affirming his convictions.  See People v. Maurice Hillard et al., No. D045175 (Cal. Ct. App. April 19, 2005) (unpublished); (see also Doc. No. 13-19).  Pursuant to 28 U.S.C. § 2254(e)(1), the Court presumes these facts to be correct and

---

[1] Although Petitioner previously filed a habeas petition with regard to his 2004 sentence, the present petition challenges a different judgment, namely the 2015 denial of his petition to recall.  Magwood v. Patterson, 561 U.S. 320, 333 (2010) ("the phrase 'second or successive' must be interpreted with respect to the judgment challenged").  The California Superior Court, the California Court of Appeal, and the California Supreme Court denied his petition to recall because relief was unavailable for Petitioner, who had been previously convicted of attempted murder.  (Doc. No. 13-32 at 92-93; Doc. No. 13-35; Doc. No. 13-37.)

Petitioner has not met his burden of rebutting the presumption by clear and convincing evidence.

Petitioner's current imprisonment stems from his conviction for sixteen separate offenses, including grand theft, conspiracy to commit grand theft, attempted grand theft, burglary, receiving stolen property, unlawful taking and driving of a vehicle, and resisting an officer.  (Doc. No. 13-20 at 2.)  Petitioner and his accomplice, Charles Calhoun ("Calhoun"), robbed multiple ATMs between July and October 2003.  (Id. at 2-3.)  During the same time period, Petitioner and Calhoun also committed burglaries not connected to ATMs.  (Id.)

Petitioner and Calhoun were arrested on October 9, 2003, after police were able to track their position using a locator system installed in the vehicle they stole.  (Id.)  Calhoun was driving the stolen vehicle at the time and led the police on a high-speed chase, using both sides of the road at times in an attempt to evade the officers.  (Id. at 3-4.)  At trial, the prosecution presented evidence regarding a large number of criminal charges:

> The events of the night of defendants' arrest formed the evidentiary basis for their convictions of conspiracy to commit grand theft (count 1); unlawful taking or driving of the United Rentals truck (count 2); unlawful taking or driving of the Nissan truck (count 3); resisting a police officer (count 8); and (as to Calhoun) evading an officer with reckless driving (count 5) and harming or interfering with an officer's animal (count 7).
>
> Evidence supporting the remaining counts of receiving stolen property, unlawful taking or driving of a vehicle, burglary, grand theft and attempted grand theft arose from the common modus operandi combined with various items of circumstantial evidence.  We summarize some of this evidence.  To support receiving stolen property from various victims (count 6): various stolen license plates were found in the Nissan truck left by defendants at the industrial complex.  To support the taking of the ThyssenKrupp truck (count 9): a ThyssenKrupp hard hat that had been stolen in the stolen ThyssenKrupp truck was found in the Nissan truck.  To support the unlawful taking of the ICI Paints truck (count 10): a license plate registered to ICI Paints (that was stolen at the same time as the ICI Paints truck) was found in the Nissan truck.  To support the Hall of Champions

burglary and grand thefts (counts 11 and 12): a rack from the stolen ThyssenKrupp truck was found outside the Hall of Champions building the morning after the theft.  Further, a handwritten list of ATM locations which included the Hall of Champions location was found at Hillard's residence. To support the burglary at Dominic's Deli (count 13): a security guard observed a truck leave the parking lot near the deli on the night of the burglary that looked like the stolen ThyssenKrupp truck.  To support the taking of the Sherwin Williams truck and the burglary and theft at the Chevron station (count 14, 15, and 16): a surveillance video at the Chevron station depicted a truck with the Sherwin Williams logo and showed two persons who (the prosecution argued) matched defendants in size and shape. To support the taking of the Davies Electric truck and the Beacon Gas station burglary and attempted theft (counts 17, 18 and 19): at the time of the burglary, a witness saw two males at the gas station and a truck with the Davies Electric logo parked in front of the station.  A surveillance video showed a person who (the prosecution argued) had the same body type as Calhoun.

The police found various items in the United Rentals truck likely used in the ATM thefts, including a metal chain coiled in a bucket, a dolly, and a crowbar.  When the United Rentals truck was stolen, it had been parked behind a locked fence at the Davies Electric yard; the padlock and chain that had secured the fence at the Davies Electric yard were found in the Nissan truck.  [Footnote omitted]  In the Nissan the police also found such items as bolt cutters and discs for cutting metal, pry bars, a chisel, and metal shavings that were similar to those observed around the stolen ATM machines.  Items found at Hillard's residence included a lock-picking kit, a police communications scanner, and drilling tools including a specialized tool for drilling through metal.  The police also found instructional materials discussing such matters as bypassing burglar alarms and locks, drilling through safes, breaking into vehicles, and money laundering.  One section of the instructional materials described the modus operandi used by defendants; i.e., using a heavy chain to wrap around an ATM and pulling the ATM out with a stake bed truck.  Cell phone records showed 474 phone calls between Calhoun's and Hillard's cell phones during October 2002 to October 2003.

(Doc. No. 13-20 at 30-32.)

## II.   STATE PROCEDURAL HISTORY

On July 1, 2004, a San Diego County Superior Court jury convicted Hillard and Calhoun of one count of conspiracy to commit grand theft, six counts of unlawful taking

and driving a vehicle, four counts of burglary, two counts of grand theft, and one count each of attempted grand theft, receiving stolen property, and resisting an officer.  (Doc. No. 13-13 at 75-118; Doc. No. 13-19 at 20-21.)  The jury found them not guilty on one count of attempted burglary and found Calhoun guilty of evading an officer with reckless driving and harming or interfering with an officer's animal.  (Id.)

The charging document alleged that Petitioner qualified for sentencing enhancement under California's Three Strike Law because of two previous convictions.  (Doc. No. 13-12 at 32.)  In 1986, Petitioner had been convicted of attempted burglary and attempted murder.  (Id.)  According to the Court of Appeal:

> The two strike prior convictions arose from an incident in November 1985 when Hillard and two co-defendants attempted to rob a jewelry store. One of the co-defendants burst into the store and placed a rifle against the store owner's chest.  The owner grabbed the rifle away and the co-defendant fled from the store, yelling to Hillard and the other co-defendant to "get him."  The owner pulled a pistol from his pocket but before he could fire the weapon, Hillard shot the owner in the arm with a rifle and then continued shooting.  The owner was struck seven more times, three times in the chest, three times in the leg, and once on his nose.

(Doc. No. 13-20 at 47.)

Petitioner waived his right to a separate jury trial regarding the priors, (Doc. No. 13-13 at 71; see also Doc. No. 13-8 at 229), and the trial judge found his prior felony convictions constituted two prison priors and two strikes under California's Three Strikes Law.  (Doc. No. 13-8 at 237-38.)  The trial judge found that state law required they be treated as separate strikes.  (Id. at 238.)  Thus, on September 20, 2004, Petitioner was sentenced to 15 terms of 25 years to life, three of which were stayed and the rest ordered to run consecutively, a one-year concurrent term for the misdemeanor offense of resisting an officer, and a one-year consecutive term for each of the prison priors.  (Doc. No. 13-13 at 75-118; Doc. No. 13-19 at 20-21.)

Petitioner appealed his conviction to the California Court of Appeal.  (Doc. No. 13-14); see also Appellant's Opening Brief, People v. Hillard, No. D045175 (Cal. Ct.

App. Aug. 26, 2005).  He argued that (1) there was insufficient evidence for three of the unlawful taking of a vehicle counts, (2) the trial court abused its discretion in refusing to strike one of the priors because they arose from a single criminal act, (3) remand was necessary because the trial court was unaware it had discretion to impose concurrent rather than consecutive sentences, (4) the sentence was cruel and unusual, and (5) the consecutive sentences were improper because the jury had not found the underlying priors occurred on separate occasions.  (Id.)  The California Court of Appeal rejected Petitioner's arguments and affirmed his conviction.  (Doc. No. 13-19.)  Regarding Petitioner's two priors, the Court of Appeal concluded "[t]he trial court here could reasonably construe the attempted robbery and the attempted murder as arising from multiple, distinct acts.  The court could conclude that Hillard first committed attempted robbery as an accomplice to the co-defendant's forceful assault on the store owner, and then separately committed attempted murder by repeatedly shooting the owner."  (Id. at 23.)

Petitioner subsequently filed a petition for review with the California Supreme Court, making the same arguments.  (Doc. No. 13-20); see also People v. Hillard, S143767 (Cal. filed May 26, 2006).  The petition was summarily denied "without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004)) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law."  (Doc. No. 13-22); see also People v. Hillard, S143767 (Cal. Aug. 18, 2006).

On February 26, 2007, shortly after Cunningham v. California, 549 U.S. 270 (2007), was decided, Petitioner filed a petition for writ of habeas corpus in California Superior Court.  (Doc. No. 13-23); see also Hillard v. Felker, HC18820 (Cal. Super. Ct. filed Feb. 26, 2007).  He argued that (1) he received ineffective assistance of counsel based on trial counsel's failure to move to suppress evidence, (2) his sentence was cruel and unusual, and (3) the consecutive sentences were improper absent a jury finding the

crimes occurred on separate occasions.  (Id.)  The petition was denied on April 25, 2007.
(Doc. No. 13-24.)

On June 16, 2007, Petitioner filed a petition for writ of habeas corpus with the
California Court of Appeal, raising the same arguments as before the Superior Court.
(Doc. No. 13-25); see also In re Maurice Hillard, D051127 (Cal. Ct. App. Filed June 16,
2007).  The petition was denied on September 6, 2007.  (Doc. No. 13-26.)

On November 30, 2007, Petitioner filed a petition for writ of habeas corpus in the
California Supreme Court raising the same arguments.  (Doc. No. 13-27); see also Hillard
v. Scribner, S158679 (Cal. filed Nov. 30, 2007).  The petition was summarily denied on
May 21, 2008.  (Doc. No. 13-28.)

On September 30, 2008, Petitioner filed a federal habeas petition in the Southern
District of California.  Hillard v. Small, No. 08-1786-DMS-RBB (S.D. Cal. Sept. 30,
2008).  The petition reallaged many of the claims Petitioner raised on direct appeal with
the state court.  The petition was denied on the merits on September 9, 2010.  Hillard v.
Small, No. 08-1786-DMS-RBB (S.D. Cal. Sept. 9, 2010), ECF No. 36.  Subsequently
both the district court and the Ninth Circuit denied Petitioner a certificate of
appealability. Id., EFC Nos. 36, 43.

On November 6, 2012, California voters approved Proposition 36, which
substantially amended California's Three Strike Law.  See People v. Yearwood, 213
Cal.App.4th 161, 167 (2013).  The proposition "diluted the three strike law by reserving
the life sentence for cases where the current crime is a serious or violent felony . . . [and]
created a postconviction release proceeding whereby a prisoner who is serving an
indeterminate life sentence imposed pursuant to the three strikes law for a crime that is
not a serious or violent felony and who is not disqualified, may have his or her sentence
recalled and be resentenced as a second strike offender."  Id. at 167-68.

Petitioner filed a petition to recall his sentence pursuant to Proposition 36 on
January 15, 2015.  (Doc. No. 13-32 at 33-65); see also People v. Hillard, SCD178097
(Cal. Super. Ct. filed Jan. 15, 2015).  On January 28, 2015, the Superior Court denied the

petition because Proposition 36 excluded relief for persons convicted of attempted murder and, in any event, the petition was untimely.  (Doc. No. 13-32 at 92-93.) Petitioner appealed the Superior Court's denial to the California Court of Appeal.  (Doc. No. 13-33.)  His appointed counsel filed an <u>Anders</u> brief requesting the court independently review the record for arguable issues and pointed out the potential issues of whether Petitioner's sentence should be reconsidered in light of subsequent cases and propositions.  (<u>Id.</u>)  Petitioner filed a supplemental pro se brief, raising the claims presented in the current federal habeas petition.  (Doc. No. 13-34.)  He argued that he had timely filed his petition for recall under the mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (holding that a pro se prisoner's federal notice of appeal is deemed filed when it is handed to the prison officials for mailing), and attached supporting exhibits.  (<u>Id.</u>) Petitioner also argued that he should be resentenced in light of <u>People v. Vargas</u>, 59 Cal. 4th 635 (2014), which recognized that in rare occasions multiple convictions should not count as separate strikes.  (Doc. No. 13-34.)  Finally, he argued that his conviction for attempted murder could not count as a prior because there had been prosecutorial misconduct.  (<u>Id.</u> at 21-23.)  The California Court of Appeal affirmed the denial of Petitioner's petition to recall.  (Doc. No. 13-35.)

Petitioner subsequently filed a petition for review in the California Supreme Court challenging the appellate court's affirmance.  (Doc. No. 13-36); <u>see</u> <u>also</u> <u>People v. Hillard</u>, S228218 (Cal. filed Aug. 5, 2015).  The California Supreme Court summarily denied the petition on September 23, 2015.  (Doc. No. 13-37.)

## DISCUSSION

## I.  LEGAL STANDARDS FOR § 2254 HABEAS PETITION

Federal habeas petitions filed after April 24, 1996 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Pub.L. 104-132, 110 Stat. 1214.  If an applicant challenges the legality of their confinement arising from a state court judgment, federal courts may only review whether the confinement violates "the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); <u>accord</u> <u>Lewis v.</u>

Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").  A writ will only issue if the adjudication of the state judgment "(1) resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefit of the doubt."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations and internal quotation marks omitted).  Moreover, "[t]he petitioner carries the burden of proof."  Id.  Thus, "[h]abeas corpus is an 'extraordinary remedy' available only to those 'persons whom society has grievously wronged . . . .'"  Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)).

Under § 2254(d)(1), a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meanings.  Bell v. Cone, 353 U.S. 685, 694 (2002).  Under the "contrary to" clause, a court may issue a writ if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts."  Id. at 694.  In contrast, a court may issue a writ under the "unreasonable application" clause if "the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case."  Id.  To satisfy this unreasonable application prong, the state court's decision must have been more than "just incorrect or erroneous;" it must have been "objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520 (2003); see also Harrington v. Richter, 562 U.S. 86, 101 (2011) ("A state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Under either the "contrary to" or "unreasonable application" prong, the "clearly established" phrase refers only to "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court determination." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent does not satisfy the "clearly established" element. Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012). In reviewing claims under § 2254(d)(1), a federal court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011).

Under § 2254(d)(2), a federal court may grant habeas relief only if the state court's decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d)(2). Section 2254(d)(2) "requires that [the federal habeas court] accord the state trial court substantial deference." Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). So long as reasonable minds reviewing the record could agree with the finding in question, the trial court's determination will stand, id., and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence," 28 U.S.C. § 2254(e)(1).

Under either § 2254(d)(1) or §2254(d)(2), a federal habeas court looks to the last reasoned state-court decision. Castellanos v. Small, 766 F.3d 1137, 1145 (9th Cir. 2014); Murray v. Schriro, 745 F.3d 984, 996 (9th Cir. 2014). Thus, when there is an unexplained decision from the state's highest court, the federal habeas court "looks through" to the last reasoned state court decision and presumes that the unexplained opinion rests on the same grounds. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). And even if the state court's decision is entirely void of an explanation, "the habeas

petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.

Finally, federal habeas courts apply a harmless error-standard when reviewing constitutional error committed by the state trial court.  Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).  A habeas petitioner is only "entitled to habeas relief based on trial error [if] they can establish that it resulted in 'actual prejudice.'"  Id. (quoting United States v. Lane, 474 U.S. 438, 449 (1986)).  Put another way, petitioner must show there is more than a "reasonable possibility" that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict."  Id. (quoting Kotteakos v. U.S., 328 U.S. 750, 776 (1946)); accord Fry v. Pliler, 551 U.S. 112, 116 (2007); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015) ("There must be more than a 'reasonable possibility' that the error was harmful.") (quoting Brecht, 507 U.S. at 637).

## II. ANALYSIS

Petitioner's previous federal habeas petition challenging his conviction was denied on the merits and both the district court and the Ninth circuit denied certificates of appealability.  Hillard v. Small, No. 08-1786-DMS-RBB (S.D. Cal. Sept. 9, 2010), ECF No. 36; Hillard v. Small, No. 10-56581 (9th Cir. Oct. 8, 2010), ECF No. 6.  Thus, present petition only challenges the denial of resentencing under California Penal Code § 1170.126.  See Magwood v. Patterson, 561 U.S. 320, 331-33 (2010) ("Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged."); 28 U.S.C. § 2244 (generally prohibiting successive habeas petitions).  Petitioner argues the state court's failure to resentence him violated his Fourteenth Amendment Due Process rights.  The Court disagrees.

### A. Three Strikes Priors

Petitioner argues the state court's denial of his petition to recall his sentence violated his Fourteenth Amendment Due Process rights because it was founded on materially incorrect information concerning his criminal history.  (Doc. No. 1 at 9-18.)

Prior to sentencing, Petitioner argued that his prior convictions for attempted robbery and attempted murder should only count as one strike, for purpose of the Three Strikes Law, because they arose from a single event. (Doc. No. 13-9 at 8-13.) The trial court, however, rejected this argument and on review the California Court of Appeal affirmed the ruling. The Court of Appeal found the trial court:

> "could reasonably construe the attempted robbery and the attempted murder as arising from multiple, distinct acts. The court could conclude that Hillard first committed attempted robbery as an accomplice to a co-defendant's forceful assault on the store owner, and then separately committed attempted murder by repeatedly shooting the owner. . . . The trial court did not abuse its discretion in concluding that Hillard's conduct of escalating the criminal conduct by repeatedly shooting the victim justified punishing him on the basis of two, rather than one, strike prior conviction."

(Doc. No. 13-19 at 22-24.)

Following the passage of Proposition 36, Petitioner re-raised this argument in his motion to recall his sentence, (Doc. No. 13-32 at 33-65), but the court concluded relief was categorically unavailable because of Petitioner's prior conviction for attempted murder. (Doc. No. 13-32 at 92-93.)

Petitioner's present habeas review is limited to the decision to deny his motion to recall. See 28 U.S.C. § 2244. The superior court found relief under People v. Vargas, 59 Cal.4th 635 (2014), was unavailable because one of Petitioner's prior convictions was for attempted murder. Additionally, the motion was untimely. (Doc. No. 13-32 at 92-93.) And the court of appeals affirmed on the same grounds, noting that Petitioner's Three Strikes argument was "[ir]relevant to this appeal from an order denying his petition on ineligibility grounds." (Id. at 5.) Finally, the California Supreme Court summarily denied his petition for review. (Doc. No. 13-37.)

Because the state courts rejected Petitioner's motion to recall on the grounds he was categorically ineligible, Petitioner can find no relief in Burke. In Burke, the United States Supreme Court held that a prisoner's due process is violated when he is sentenced "on the basis of assumptions concerning his criminal record which were materially

untrue."  334 U.S. at 741; see also Roberts v. U.S., 445 U.S. 552, 563 (1980) ("As a matter of due process, an offender may not be sentenced on the basis of mistaken facts or unfounded assumptions.") (citing Burke, 334 U.S. at 740-41).  But Petitioner's motion to recall was denied because he was previously convicted of attempted murder and his motion was untimely.  Thus, the denial of Petitioner's motion to recall was not based on the assumptions regarding Petitioners criminal record.

Furthermore, even if we were to reach the merits of Petitioner's Three Strikes argument, it fails because the conclusion that Petitioner's prior convictions constituted two strikes is a matter of state law and the court did not rely on materially incorrect facts in applying it.  Because none of the courts reviewing the motion to recall addressed Petitioner's Three Strike argument, we "look through" them to the last reasoned state court decision, the superior court order denying Hillard's state habeas petition, which stated:

> Petitioner argues that, like the defendant in Vargas, he received a three-strike term due to his two prior strike convictions for different crimes—here, attempted murder and attempted robbery—which, he asserts, arose from the commission of the same act on the same victim.  As a result, Petitioner contends, Vargas requires that the court dismiss one of his prior strikes and modify his sentence accordingly.

> When the Fourth District, Division One, heard Petitioner's appeal in 2006, it addressed a similar argument.  Petitioner had contended that "the trial court abused its discretion in refusing his request to dismiss one of his two strike prior convictions."  There the court wrote:

> "The two prior convictions arose from an incident . . . when Hillard and two co-defendants attempted to rob a jewelry store.  One of the co-defendants burst into the store and placed a rifle against the store owner's chest.  The owner grabbed the rifle away and the co-defendant fled from the store, yelling to Hillard and the other co-defendant to "get him."  The owner pulled a pistol from his pocket but before he could fire the weapon, Hillard shot the owner in the arm with a rifle and then continued shooting.  The owner was struck seven more times,

3:15-cv-02361-H-RBB

1
2

three times in the chest, three times in the leg, and once on his nose.

3
4
5
6
7
8
9

"Hillard requested that the trial court dismiss one of the strike prior convictions because the offenses had been committed almost 20 years earlier and constituted only one event, and his current offenses were property crimes that did not involve the use of weapons. The trial court . . . noted that although only one victim was involved in the prior offenses Hillard fired several shots from the gun, and he thereafter committed himself to a life of carefully planned thievery. On appeal, Hillard challenges the court's ruling, contending that his two strike priors arose out of a single act. . . ."

10
11

The Court of Appeal rejected Petitioner's argument:

12
13
14
15
16
17
18
19

"The trial court here could reasonably . . . conclude that Hillard first committed attempted robbery as an accomplice to a co-defendant's forceful assault on the store owner, and then separately committed attempted murder by repeatedly shooting the owner. Although Hillard may have been trying to stop the store owner from shooting his accomplice, he nevertheless made a decision to shoot rather than flee, and further to repeatedly shoot rather than to shoot only once. . . . The trial court did not abuse its discretion in concluding the Hillard's conduct of escalating the criminal conduct by repeatedly shooting the victim justified punishing him on the basis of two, rather than one, strike prior conviction.

20
21
22
23
24
25
26

"The reasonableness of the trial court's decision . . . is further supported by (Hillard's) overall record, showing that he continued his criminal conduct after being released from prison for his 1986 convictions. In 1993, (he) committed a series of commercial burglaries . . . . Hillard was released from prison in April 1999, and in 2003 he commenced the spree of offenses involved in the current case. The fact that his poststrike offenses involved commercial burglaries does not detract from the fact that he has emerged as a recidivist criminal targeted by the Three Strikes law. . . ."

27
28

Notwithstanding the appellate court's conclusion that Petitioner's two "strike" priors did <u>not</u> arise from a single act, Petitioner again attempts to characterize the 1986 priors as two convictions "based on the commission of the same act." His contention still has not merit.

In <u>Vargas</u> the court distinguished Vargas' "multiple criminal <u>convictions</u> stemming from the commission of a single act" from the "multiple criminal <u>acts</u> (albeit committed in a single course of conduct)" by the defendant in <u>People v. Benson</u> (1998) 18 Cal.4th 24. (<u>Vargas</u>, <u>supra</u>, 59 Cal.4th at 646, 648, original [emphasis].) Benson had two prior strike convictions (for residential burglary and assault with the intent to commit murder) based on a single incident. Returning a vacuum cleaner he had borrowed from his neighbor, he grabbed her, forced her to the floor, and stabbed her multiple times. (<u>Benson</u>, <u>supra</u>, 18 Cal.4th at 30 (prior strikes arising from the same course of conduct need not be treated as a single strike); see also <u>People v. Fuhrman</u> (1997) 16 Cal.4th 930, 940 (prior strikes arising from the same course of conduct need not be treated as single strike).)

Here, not only are Petitioner's two "strike" priors more like Benson's (i.e., two separate acts committed in a single course of conduct) than Vargas's, but the Court of Appeal has already determined that Petitioner's two "strike" priors did not arise out of a single act. Further, given Petitioner's history of recidivism, his case does not fall into that rare category where the facts "demonstrate that not reasonable person would disagree that defendant fell outside the spirit of the Three Strikes law." (<u>Vargas</u>, <u>supra</u>, 59 Cal.4th at 641-642.) Because the holding in <u>Vargas</u> does not apply to Petitioner's sentence, the petition is denied as to this ground.

(Doc. No. 13-30 at 3-5) (factual citations omitted) (underlining in original).

The state court's lengthy analysis of Petitioner's argument shows that it was well aware of the factual underpinnings of Petitioner's criminal history. The court accurately reviewed the factual events leading to his attempted robbery and attempted murder convictions and Petitioner identifies no misstatement of facts. As such, his argument under <u>Burke</u> fails because his sentencing was not based on materially false facts. Indeed, Petitioner's situation is not even close to the factual scenario in <u>Burke</u> where the defendant was unrepresented and the court assumed, on the record, that defendant was

1  guilty of crimes he was previously found not guilty of.  <u>Burke</u>, 334 U.S. at 740-41.  Here

2  Petitioner was represented, was found guilty of both prior strikes, and his case was

3  subjected to detailed legal review on multiple occasions.  This violates no well-

4  established federal law and the interpretation of state law is not at issue.

5         Petitioner relies on <u>Jackson v. Virginia</u>, 443 U.S. 307 (holding that a court must

6  view the underlying facts of a conviction in the light most favorable to the prosecution) to

7  argue that because the jury found he inflicted great bodily injury during the commission

8  of the attempted robbery by shooting the shop owner, and also found he committed

9  attempted murder by shooting the shop owner, the state court was required to find the

10 convictions arose from the same act and its decision otherwise was unreasonable under

11 § 2254(d)(2).  (Doc. No. 1 at 12-15.)  But this is incorrect.  Petitioner has not shown that

12 his attempted robbery conviction was predicated on his shooting the victim, only that he

13 received an enhancement because of it.  Indeed, viewed in the light most favorable to the

14 prosecution, as required by <u>Jackson</u>, Petitioner could have been convicted of attempted

15 robbery even if he had not fired his gun.  <u>See</u> <u>People v. Watkins</u>, 55 Cal. 4th 999, 1019

16 (2012) (listing the elements of attempted robbery as "defendant specifically intended to

17 take property from [the victim] by force or fear, and committed a direct act toward that

18 goal").  And, alternatively, there was nothing in <u>Jackson</u>, to prevent the state court from

19 concluding that Petitioner's decision to continue shooting the victim after his accomplice

20 had escaped was sufficient to constitute a separate criminal act.  As such, the state court's

21 conclusion that Petitioner's priors constituted two strikes is no basis for habeas relief in

22 light of the evidence presented.  <u>See</u> <u>Rice v. Collins</u>, 546 U.S. 333, 338-39 (2006).

23        Finally, Petitioner is not entitled to habeas relief on his first claim because any

24 error was harmless.  <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38 (1993) (a habeas

25 petitioner must show actual prejudice to be entitled to relief).  Petitioner was not entitled

26 to resentencing under Proposition 36 because it categorically denies relief for prisoners

27 who, like Petitioner, were previously convicted of attempted murder.  <u>See</u> <u>Yearwood</u>, 213

28

3:15-cv-02361-H-RBB

Cal. App. 4th at 167-68.  Thus, any refusal to find his prior convictions only constituted one strike, even if error, was harmless at this stage.

**B. Denial of Petition as Untimely**

Petitioner also claims that his Fourteenth Amendment Due Process rights were violated when the state court denied his petition to recall his sentence as untimely.  (Doc. No. 1 at 19-33.)  At the outset, the Court notes that any error regarding the timeliness of his petition is harmless because the state concluded Petitioner was independently ineligible for relief under Proposition 36 because he had previously been convicted for attempted murder.  (Doc. No. 13-32 at 93.)  Because he was ineligible, he cannot show "actual prejudice" resulting from the untimeliness finding.  See Brecht, 507 U.S. at 637-38.

In any event, Petitioner is not entitled to habeas relief because the state court's findings of fact are presumed correct and Petitioner has not rebutted the presumption. The deadline to file a motion to recall under Proposition 36 was November 7, 2014.  See Yearwood, 213 Cal. App. 4th at 170, 175 n.4; (accord Doc. No. 13-32 at 92-93).  The superior court found that Petitioner's motion to recall was filed on January 21, 2015, having been signed and mailed to the court on January 15, 2015.  (Doc. No. 13-32 at 93.) On appeal, Petitioner argued that his petition was timely under the mailbox rule because he had actually delivered a motion to recall to prison officials for mailing on September 30, 2014 even though the superior court never received it.  (Doc. No. 13-34 at 19-20.) Petitioner claims that after not receiving an answer to his first motion he sent a second letter, inquiring about the motion's status, and was informed that no motion to recall was ever received.  (Id.)  Petitioner then refiled his motion.  (Id.)  In support of his claim, Petitioner filed (1) the prison mail log showing he mailed something to the superior court on October 1, 2014, (2) a letter dated January 1, 2015, authored by him and addressed to the superior court inquiring as to the status of his motion to recall his sentence, in which he states he submitted that petition to the superior court on September 30, 2014, (3) a reply from the court dated January 8, 2015, indicating the court had never received the

petitions, and (4) a letter dated January 15, 2015, authored by him to the superior court resubmitting his motion.  Despite the additional documents, the appeals court concluded that "[t]he record demonstrates as the trial court found, Hillard did not sign his petition and the accompanying documents until January 15, 2015.  Thus, regardless of problems with the prison's mail system, there can be no reasonably arguable issue that Hillard's petition was timely."  (Doc. No. 13-35 at 5.)  The appeals court also noted that Petitioner made no attempt to explain why his prior conviction for attempted murder did not disqualify him from relief.  (Id.)  Subsequently, the California Supreme Court denied Petitioner's petition for review.  (Doc. No. 13-37.)

State court findings of fact are presumed to be correct and a habeas petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); accord Miller-El v. Dretke, 545 U.S. 231, 240 (2005) ("[t]he standard is demanding but not insatiable").  Here, the appeals court found that Petitioner had not signed his motion to recall until January 15, 2015, well after the deadline had passed, and Petitioner has not provided clear and convincing evidence to rebut the that finding.  Petitioner's evidence shows that he mailed something on October 1, 2014 but fails to provide any contemporaneous proof of what was mailed.  As such, there is no clear and convincing evidence to rebut the court's conclusion.

Even assuming the facts are as Petitioner claims they are, however, Petitioner still cannot identify any federal due process violation that arose from the denial of his petition as untimely.  In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that, under the Rules of Appellate Procedure, a pro se prisoner's notice of appeal is deemed "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."  Id. at 276.  Petitioner, however, points to no Supreme Court cases

///

///

///

///

extending this mailbox rule to state courts as a constitutional requirement.[2]  As such, he is not entitled to habeas relief.

### C. Attempted Murder Conviction

Petitioner's last claim for relief attempts to attack the merits of his 1986 conviction for attempted murder.  In his 2015 state motion to recall, Petitioner claimed his 1986 conviction was tainted by prosecutorial misconduct.  (See Doc. No. 13-32 at 40-51.) Petitioner claimed a co-conspirator, Cedric Pratt, testified that his guilty plea had not been induced by any promise from the prosecutors when in fact it had been.  (Id.) Without addressing the prosecutorial misconduct argument, the superior court denied his motion to recall and concluded that "[t]he petition reveals that [Petitioner] has a conviction in consolidated cases CR82551/CR 80021 (May 1, 1987) for attempted murder (Penal Code section 664/187).  That conviction alone renders him ineligible for a hearing on his case under [Proposition 36]."  (Doc No. 13-32 at 93.)  Petitioner made the same argument on appeal.  (Doc. No. 13-34 at 22-24.)  In beginning its analysis of Petitioner's arguments, the court of appeals noted that "[w]e must keep in mind that the mechanism permitting recall of a final judgment in this case is solely the statutory scheme created in the reform of the three strikes law.  Thus, in searching for reasonably arguable issues for reversal, we are not permitted to roam at large through the history of the 2004 convictions."  (Doc. No. 13-35 at 2.)  Subsequently, the court concluded that "Hillard's brief makes no attempt to dispute the fact of his prior conviction for attempted murder.  Nor does the brief attempt to show that such prior conviction does not disqualify him for relief under the proposition."  (Doc. No. 5.)

The relief Petitioner seeks under Proposition 36 is a state-law question and a federal habeas court cannot review that issue.  Bradshaw v.Richey, 546 U.S. 74, 76

---

[2] In Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001), the Ninth Circuit extended the Houston holding to state habeas petitions filed by state prisoners.  Id. at 1222.  Nevertheless, Ninth Circuit precedent cannot satisfy the clearly established requirement of AEDPA.  Marshall v. Rodgers, 133 S.Ct. 1446, 1450 (2013).

(2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").  Furthermore, any habeas relief at present is limited because Petitioner's previous habeas petition, as to the underlying conviction, was denied on the merits.  Hillard v. Small, No. 08-1786-DMS-RBB (S.D. Cal. Sept. 9, 2010), ECF No. 36; Hillard v. Small, No. 10-56581 (9th Cir. Oct. 8, 2010), ECF No. 6.

Petitioner attempts to recast the court of appeals decision as a federal constitutional issue by arguing the state courts denied him his Fourteenth Amendment Due Process rights.  (Doc. No. 1 at 25.)  Petitioner cites to Miller-El v. Cockrell, 537 U.S. 322 (2003), in support of this argument, claiming the case stands for the proposition that state courts must give full consideration to evidence present by a petitioner.  (Id. at 25-27.)  But the holding in Miller-El is inapposite.  At issue in Miller-El was what "standards AEDPA imposes before a court of appeals may issue a [certificate of appealability] to review a denial of habeas relief in the district court."  537 U.S. at 327.  And because this issue is not presented here, Miller-El cannot serve as a precedential predicate for any relief under 28 U.S.C. § 2254(d).  See Wright v. Van Patten, 552 U.S. 120, 125 (2008) (interpreting § 2254(d)'s "clearly established" requirement to mean Supreme Court precedent that "squarely addresses the issue in [the] case").

Furthermore, Petitioner may not attack the attempted murder conviction used as an enhancement because it is a settled conviction.  "[O]nce a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (citation omitted).  Petitioner's conviction for attempted murder is no longer subject to appeal or collateral attack and, thus, cannot be challenged here.  As a result, the Court denies the petition for habeas corpus and also denies Petitioner's request for an evidentiary hearing

as moot.  See Lackawanna County Dist. Attorney, 532 U.S. at 403-04; see also Cullen v. Pinholster, 563 U.S. 170, 185-86 ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

**D. Certificate of Appealability**

An appeal cannot be taken from the district court's denial of a §2254 motion unless a certificate of appealability is issued.  See 28 U.S.C. § 2253(c)(1).  A certificate may be issued only if the defendant "has made a substantial showing of the denial of a constitution right."  28 U.S.C. § 2253(c)(2).  When a district court has rejected petitioner's constitutional claims on the merits, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473 (2000).  Petitioner has not shown this Court's conclusion is debatable or wrong and thus, the Court denies Petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's §2254 petition for habeas corpus, denies his motion for summary judgment, denies his request for an evidentiary hearing, and adopts the magistrate judge's Report and Recommendation to deny the petition for habeas corpus.  Finally, the Court denies a certificate of appealability.

**IT IS SO ORDERED.**

DATED:  January 17, 2017

_____
Hon. Marilyn L. Huff
United States District Judge